# EXHIBIT 2

# 0110-R SEXUAL HARASSMENT REGULATION

It is the district's commitment to provide a healthy and productive environment for all students and employees (including all staff, applicants for employment, interns and volunteers) and "non-employees" (i.e. contractors, subcontractors, vendors, consultants, and others providing services to the district) that promotes respect, dignity and equality. This regulation is intended to create and preserve an educational and working environment free from unlawful sexual harassment on the basis of sex, gender and/or sexual orientation.

<u>"Sexual Harassment" Defined to Include Sexual Harassment and Gender-Based Harassment</u>

"Sexual harassment" means unwelcome sexual advances, requests for sexual favors, sexually motivated physical conduct or other verbal or physical conduct or communication of a sexual nature. This term includes harassment on the basis of actual or perceived or self-identified sex, sexual orientation, gender identity, gender expression and transgender status.

 "Gender-based harassment" means verbal, non-verbal or physical aggression, intimidation or hostility that is based on actual or perceived gender identity or expression.

Sexual or gender-based harassment includes unwelcome conduct which is either of a sexual nature or is directed at an individual because of that individual's sex, gender, or sexual orientation, when:

1. submission to that conduct or communication is made a term or condition, either explicitly or implicitly, of an employee's employment or a student's education (including any aspect of the student's participation in school-sponsored activities, or any other aspect of the student's education); or
2. submission to or rejection of that conduct or communication by an individual is used as the basis for a decision affecting an employee's employment or a student's education; or
3. the conduct or communication has the purpose or effect of substantially or unreasonably interfering with an employee's work performance or a student's academic performance or participation in school-sponsored activities, or creating an intimidating, hostile or offensive working or educational environment, even if the complaining individual is not the intended target of the conduct or communication.

<u>Unacceptable Conduct</u>

School-related conduct that the district considers unacceptable and which may constitute sexual harassment includes, but is not limited to, the following:

1. rape, attempted rape, sexual assault, attempted sexual assault, forcible sexual abuse, hazing, and other sexual and gender-based activity of a criminal nature as defined under the State Penal Law;
2. unwelcome sexual advances or invitations or requests for sexual activity, including but not limited to those made in exchange for grades, promotions, preferences, favors, selection for extracurricular activities or job assignments, homework, etc., or when accompanied by overt or implied threats concerning the target's employment or school evaluations, or other benefits or detriments;
3. unwelcome or offensive public sexual display of affection, including kissing, hugging, making out, groping, fondling, petting, inappropriate touching of one's self or others (e.g., pinching, patting, grabbing or poking), sexually suggestive dancing, and massages;
4. any unwelcome communication that is sexually suggestive, sexually degrading or derogatory or implies sexual motives or intentions, such as sexual remarks or innuendoes about an individual's

clothing, appearance or activities; sexual jokes; sexual gestures; public conversations about sexual activities or exploits; sexual rumors and "ratings lists;" howling, catcalls, and whistles; sexually graphic computer files, messages or games, etc.;

5. unwelcome and offensive name calling or profanity that is sexually suggestive, sexually degrading, implies sexual intentions, or that is based on sexual stereotypes or sexual orientation, gender identity or expression;

6. unwelcome physical contact or closeness that is sexually suggestive, sexually degrading, or sexually intimidating such as the unwelcome touching of another's body parts, cornering or blocking an individual, standing too close, spanking, pinching, following, stalking, frontal body hugs, etc.;

7. unwelcome and sexually offensive physical pranks or touching of an individual's clothing, such as hazing and initiation, "streaking," "mooning," "snuggies" or "wedgies" (pulling underwear up at the waist so it goes in between the buttocks), bra-snapping, skirt "flip-ups," "spiking" (pulling down someone's pants or swimming suit); pinching; placing hands inside an individual's pants, shirt, blouse, or dress, etc.;

8. unwelcome leers, stares, gestures, or slang that are sexually suggestive, sexually degrading or derogatory, or imply sexual motives or intentions;

9. clothing with sexually obscene or sexually explicit slogans or messages;

10. unwelcome and offensive skits, assemblies, and productions that are sexually suggestive, sexually degrading, or that imply sexual motives or intentions, or that are based on sexual stereotypes;

11. unwelcome written or pictorial display or distribution (including by electronic devices) of pornographic or other sexually explicit materials such as signs, graffiti, calendars, magazines, videos, films, Internet material, etc.;

12. other hostile actions taken against an individual because of that person's sex, sexual orientation, gender identity or transgender status, such as interfering with, destroying or damaging a person's work or school area or equipment; sabotaging that person's work or school activities; bullying, yelling, or name calling; or otherwise interfering with that person's ability to work or participate in school functions and activities; and

13. any unwelcome behavior based on sexual stereotypes and attitudes that is offensive, degrading, derogatory, intimidating, or demeaning, including, but not limited to:
    a. disparaging remarks, slurs, jokes about or aggression toward an individual because the person displays mannerisms or a style of dress inconsistent with stereotypical characteristics of the person's sex;
    b. ostracizing or refusing to participate in group activities with an individual during class projects, physical education classes or field trips because of the individual's sex, gender expression or gender identity;
    c. taunting or teasing an individual because they are participating in an activity not typically associated with the individual's sex or gender.

For purposes of this regulation, action or conduct shall be considered "unwelcome" if the student did not request or invite it and regarded the conduct as undesirable or offensive.

Determining if Prohibited Conduct is Sexual Harassment

Complaints of sexual harassment will be thoroughly investigated to determine whether the totality of the behavior and circumstances meet any of the elements of the above definition of sexual harassment and should therefore be treated as sexual harassment. Not all unacceptable conduct with sexual connotations may constitute sexual harassment. To be actionable under these Regulations (other than quid pro quo situations where the alleged harasser offers academic or employment rewards or

0110-R

threatens punishment as an inducement for sexual favors), unacceptable behavior must be sufficiently severe, pervasive and objectively offensive to be considered sexual harassment. If the behavior doesn't rise to the level of sexual harassment, but is found to be objectionable behavior, the individual will be educated and counseled in order to prevent the behavior from continuing.

In evaluating the totality of the circumstances and making a determination of whether conduct constitutes sexual harassment, the individual investigating the complaint should consider:

1. the degree to which the conduct affected the ability of the student to participate in or benefit from his or her education or altered the conditions of the student's learning environment or altered the conditions of the employee's working environment;
2. the type, frequency and duration of the conduct;
3. the identity of and relationship between the alleged harasser and the subject of the harassment (e.g., sexually based conduct by an authority figure is more likely to create a hostile environment than similar conduct by another student or a co-worker);
4. the number of individuals involved;
5. the age and sex of the alleged harasser and the subject of the harassment;
6. the location of the incidents and context in which they occurred;
7. other incidents at the school; and
8. incidents of gender-based, but non-sexual harassment.

Reporting Complaints

Any person who believes he or she has been subjected to sexual harassment by a student, district employee or third party related to the school is required to report complaints as soon as possible after the incident in order to enable the district to effectively investigate and resolve the complaint. Such persons are encouraged to submit the complaint in writing; however, complaints may be filed verbally. Additionally, any person who witnesses or is aware of sexual harassment of a student, employee, or "non-employee" should report the incident or behavior to the district. Written complaints may be made using the Bullying/Harassment Report Form (Policy 0115-E) or by letter or verbally to the Superintendent or another administrator or manager.

Complaints should be filed with **the Title IX coordinator or the Dignity Act (DASA) coordinator** in the building in which the incident occurred or that the student attends.

Any school employee who receives a complaint or report of conduct from a student of conduct that may constitute sexual harassment, including verbal complaints or reports, shall inform the student of the employee's obligation to report the complaint to the school administration, and then shall immediately notify **the Title IX coordinator or the building DASA coordinator**. School employees receiving complaints of sexual harassment from employees and "non-employees" shall either direct the complainant to the Building Principal, or may report the incident themselves. Supervisory and managerial personnel are required to report complaints of sexual harassment received by staff and will be subject to discipline for failing to report suspected or reported sexual harassment, knowingly allowing sexual harassment to continue, or engaging in any retaliation.

In order to assist investigators, alleged victims should document the harassment as soon as it occurs and with as much detail as possible including: the nature of the harassment; dates, times, places it has occurred; name of harasser(s); witnesses to the harassment; and the response to the harassment.

Confidentiality

It is district policy to respect the privacy of all parties and witnesses to complaints of sexual

0110-R

harassment. To the extent possible, the district will not release the details of a complaint or the identity of the complainant, alleged victim, or the individual(s) against whom the complaint is filed to any third parties who do not need to know such information. However, because an individual's need for confidentiality must be balanced with the district's legal obligation to provide due process to the alleged harasser, to conduct a thorough investigation, or to take necessary action to resolve the complaint, the district retains the right to disclose the identity of parties and witnesses to complaints in appropriate circumstances to individuals with a need to know. The staff member responsible for investigating complaints will discuss confidentiality standards and concerns with all complainants and alleged victims.

If an alleged victim requests that his/her name not be revealed to the individual(s) against whom a complaint is filed, the staff member responsible for conducting the investigation shall inform the alleged victim that:

1. the request may limit the district's ability to respond to the alleged improper conduct;
2. district policy and federal law prohibit retaliation against alleged victims, complainants and witnesses;
3. the district will attempt to prevent any retaliation; and
4. the district will take strong responsive action if retaliation occurs.

If the alleged victim still requests confidentiality after being given the notice above, the investigator will take all reasonable steps to investigate and respond to the complaint consistent with the request as long as doing so does not preclude the district from responding effectively to the harassment and preventing the harassment of other students or employees.

<u>Investigation and Resolution Procedure</u>

A. Initial (Building-level) Procedure

The **Title IX coordinator or the building DASA coordinator** shall conduct a preliminary review when they receive a verbal or written complaint of sexual harassment, or if they observe sexual harassment. Except in the case of severe or criminal conduct, **the Title IX coordinator or the building DASA coordinator** should make all reasonable efforts to resolve complaints informally at the school level. The goal of informal investigation and resolution procedures is to end the harassment and obtain a prompt and equitable resolution to a complaint.

Investigations in which an employee who is represented by a labor organization is the subject of the inquiry shall be conducted in conformity of all provisions of an applicable collective bargaining agreement.

This investigation shall be prompt and thorough and shall be completed as soon as possible.

As soon as possible but no later than three school days following receipt of a complaint, the **Title IX coordinator or the building DASA coordinator** shall begin an investigation of the complaint, which investigation shall include the following steps as appropriate:

1. Interview the alleged victim and document the conversation. Instruct the alleged victim to have no contact or communication regarding the complaint with the alleged harasser. Ask the alleged victim specifically what action he/she wants taken in order to resolve the complaint. Refer the alleged victim, as appropriate, to school social workers, school psychologists, crisis team managers, other school staff, or appropriate outside agencies for counseling services.

2. Review any written documentation of the harassment prepared by the alleged victim. If the alleged victim has not prepared written documentation, instruct the alleged victim to do so, providing alternative formats for individuals with disabilities and young children, who have difficulty writing and need accommodation. If the complainant refuses to complete a complaint form or written documentation, the Title IX coordinator or the building DASA coordinator shall complete a complaint form (Exhibit 0115-E) based on the verbal report.

3. Request, obtain, review and preserve relevant evidence of harassment (e.g., documents, emails, phone records, etc.) and other documentation relevant to the complaint.

4. Interview the alleged harasser regarding the complaint and inform the alleged harasser that if the objectionable conduct has occurred, it must cease immediately. Document the conversation. Provide the alleged harasser an opportunity to respond to the charges in writing.

5. Instruct the alleged harasser to have no contact or communication regarding the complaint with the alleged victim and to not retaliate against the alleged victim. Warn the alleged harasser that if he/she makes contact with or retaliates against the alleged victim, he/she will be subject to immediate disciplinary action.

6. Interview any witnesses to the complaint. Where appropriate, obtain a written statement from each witness. Caution each witness to keep the complaint and his/her statement confidential.

7. Where appropriate, suggest mediation as a potential means of resolving the complaint. In addition to mediation, use appropriate informal methods to resolve the complaint, including but not limited to:
   a. discussion with the alleged harasser, informing him or her of the district's policies and indicating that the behavior must stop;
   b. suggesting counseling and/or sensitivity training;
   c. conducting training for the department or school in which the behavior occurred, calling attention to the consequences of engaging in such behavior;
   d. requesting a letter of apology to the victim of improper behavior;
   e. writing letters of caution or reprimand; and/or
   f. separating the parties.

8. Parent/Student/Employee Involvement and Notification
   a. Parent(s)/guardians(a) of alleged victims and alleged harassers shall be notified within one school day of the receipt of an allegation of harassment.
   b. The investigator may permit parent(s)/guardian(s) of the alleged victim and of the alleged harasser(s) to participate, if such participation may be beneficial to investigation and resolution of the matter, as deemed appropriate by the investigator.
   c. If the alleged harasser is a disabled student receiving special education services under an IEP or section 504 accommodations, the Title IX Coordinator will consult with the Committee on Special Education to determine whether the student's disability would impair the student's ability to participate in the investigation.
   d. The **Title IX coordinator or the building DASA coordinator** (i.e., the investigator) shall submit a copy of all investigation and interview documentation to the Superintendent.
   e. The investigator shall report back to both the alleged victim and the alleged harasser, notifying them in writing, and also in person as appropriate, regarding the outcome of the investigation and the action taken to resolve the complaint. The investigator shall instruct the alleged victim to report immediately if the objectionable

0110-R

behavior occurs again or if the alleged harasser retaliates against him/her.

10. Document the investigation, including:
    a. <u>A list of all documentation and other evidence reviewed, along with a detailed summary and copies of documentary evidence;</u>
    b. <u>A list of names of those interviewed along with a detailed summary of their statements;</u>
    c. <u>A timeline of events;</u>
    d. <u>A summary of prior incidents, reported or unreported, that are relevant to the complaint; and</u>
    e. <u>The final resolution of the complaint, together with an enumeration of any corrective action(s) taken with respect to the alleged victim(s), the alleged harasser(s), or otherwise</u>.

Such documentation shall be maintained in a secure and confidential manner, consistent with the district's privacy and confidentiality obligations.  Such documentation shall be made available to the district's counsel or as otherwise required by law.

The Superintendent shall be informed of the results of the investigation.  If the investigation determines that sexual harassment occurred, the Superintendent or designee shall then take prompt corrective action in accordance with district policy, the applicable collective bargaining agreement or state law. If it is determined that corrective action is to be taken with respect to a student, such corrective action shall be consistent with the district Code of Conduct, which may include actions consistent with the district's programs for restorative justice. If it is determined that a "non-employee" engaged in conduct that constitutes sexual harassment, the Superintendent shall take appropriate action with respect to that individual, which may include determining that the individual shall no longer provide services to the district or requesting that the individual no longer be assigned to work for the district, consistent with any applicable contract with the district.

If a complaint received by **the Title IX coordinator or the building Dignity Act (DASA) coordinator** contains evidence or allegations of serious or extreme harassment, such as employee to student harassment, criminal touching, quid pro quo (e.g., offering an academic or employment reward or punishment as an inducement for sexual favors), or acts which shock the conscience of a reasonable person, the complaint shall be referred promptly to the Superintendent. In addition, where **the Title IX coordinator or the building DASA coordinator** has a reasonable suspicion that the alleged harassment involves criminal activity, he/she should immediately notify the Superintendent, who shall then contact appropriate child protection and law enforcement authorities. Where criminal activity is alleged or suspected by a district employee, the accused employee shall be suspended pending the outcome of the investigation, consistent with all contractual or statutory requirements.

At the conclusion of the investigation, **the Title IX coordinator or the building Dignity Act (DASA) coordinator** shall communicate with the complainant or the alleged victim of harassment as to the result of the investigation.  Such communications shall be made with due regard for, and in accordance with, the Family Educational Rights and Privacy Act ("FERPA"), Policy 5500, and Policy 5500-R, and in accordance with the rights of privacy and confidentiality of District staff members.

<u>Retaliation Prohibited</u>

Any act of retaliation against any person who opposes sexually harassing behavior, or who has filed a

0110-R

complaint in good faith, is prohibited and illegal, and therefore subject to disciplinary action. Likewise, retaliation against any person who has in good faith testified, assisted, or participated in any manner in an investigation, proceeding, or hearing of a sexual harassment complaint is prohibited. For purposes of this policy, retaliation includes but is not limited to: verbal or physical threats, intimidation, ridicule, bribes, destruction of property, spreading rumors, stalking, harassing phone calls, discipline, discrimination, demotion, denial of privileges, any action that would keep a person from coming forward to make or support a sexual harassment claim, and any other form of harassment. Such actions need not be job- or education-related, or occur in the workplace or educational environment, to constitute unlawful retaliation. Any person who retaliates is subject to immediate disciplinary action, up to and including suspension or termination.

<u>External Remedies</u>

In addition, targets have the right to register sexual harassment complaints with the U.S. Department of Education's Office for Civil Rights (OCR).  The OCR can be contacted at (800) 421-3481, 400 Maryland Avenue SW, Washington, DC 20202-1100, or at https://www2.ed.gov/about/offices/list/ocr.docs/howto.html.

Employee targets also have the right to register complaints with the federal Equal Employment Opportunity Commission (EEOC) and the New York State Division of Human Rights (DHR).  The EEOC can be contacted at (800) 669-4000, https://www.eeoc.gov/employees/howtofile.cfm, info@eeoc.gov, or at 33 Whitehall Street, 5th Floor, New York, NY 10004.  The DHR can be contacted at (888) 392-3644, www.dhr.ny.gov/complaint, or at 1 Fordham Plaza, Fourth Floor, Bronx, NY 10458. "Non-employee" targets may contact the DHR.

Nothing in these regulations shall be construed to limit the right of the complainant to file a lawsuit in either state or federal court, or to contact law enforcement officials if the sexual harassment involves unwanted physical touching, coerced physical confinement or coerced sex acts, which may constitute a crime.  No district contract or collective bargaining agreement may include a binding arbitration clause for sexual harassment requiring arbitration before bringing the matter to a court.

<u>Discipline/Penalties</u>

Any individual who violates the sexual harassment policy by engaging in prohibited sexual harassment will be subject to appropriate disciplinary action. Disciplinary measures available to school authorities include, but are not limited to the following:

<u>Students</u>: Discipline may range from a reprimand up to and including suspension from school, to be imposed consistent with the District Code of Conduct and applicable law.

<u>Employees</u>: Discipline may range from a warning up to and including termination, to be imposed consistent with all applicable contractual and statutory rights.

<u>Volunteers</u>: Penalties may range from a warning up to and including loss of volunteer assignment.

<u> "Non-employees" (i.e., contractors, subcontractors, vendors, consultant and other persons providing services pursuant to a contract, or their employees)</u>: Penalties may range from a warning up to and including loss of district business.

<u>Other individuals</u>: Penalties may range from a warning up to and including denial of future access to school property.

<u>False Complaints</u>

0110-R

False or malicious complaints of sexual harassment may result in corrective or disciplinary action taken against the complainant.

Training

All students and employees shall be informed of this policy in student and employee handbooks, on the district website, and in student registration materials. A poster summarizing the policy shall also be posted in a prominent location at each school.  The district shall provide all existing employees with either a paper or electronic copy of the district's sexual harassment policy and regulation and shall provide the same to new employees before the employee commences employment.

In addition, age-appropriate curricular materials will be made available so that it can be incorporated in instruction K-12 to ensure that all students are educated to recognize and report sexual harassment.

All new employees shall receive information about this policy and regulation at new employee orientation or as soon as possible after starting their job, unless he/she can demonstrate that they have received equivalent training within the past year from a previous employer. All other employees shall be provided training at least once a year regarding this policy and the district's commitment to a harassment-free learning and working environment. Principals, Title IX coordinators, and other administrative employees who have specific responsibilities for investigating and resolving complaints of sexual harassment shall receive yearly training on this policy, regulation and related legal developments.

Annual employee training programs shall be interactive and include: (i) an explanation of sexual harassment consistent with guidance issued by the NYS Department of Labor and the NYS Division of Human Rights; (ii) examples of conduct that is unlawful sexual harassment; (iii) information on federal and state laws about sexual harassment and remedies available to victims of sexual harassment; and (iv) information concerning employees' right to make complaints and all available forums for investigating complaints; and (v) address the conduct and responsibilities of supervisors.

Principals in each school and program directors (e.g. the athletic director) shall be responsible for informing students and staff on a yearly basis of the terms of this policy, including the procedures established for investigation and resolution of complaints, general issues surrounding sexual harassment, the rights and responsibilities of students and employees, and the impact of sexual harassment on the target.

Cross-ref:

0100, Non-Discrimination and Equal Opportunity

0110, Sex Discrimination and Sexual Harassment

0115, Dignity for All Students: Prohibiting Bullying, Discrimination and Harassment of Students

0115-R, Student Harassment and Bullying Prevention and Intervention Regulation

0115-E, Discrimination/Harassment/Bullying Report Form for Students

5300, Code of Conduct

9010, Equal Employment Opportunity

9010.2, Harassment of Employees

9010.2-R, Harassment of Employees Regulation

0110-R

9010.2-E.1, Harassment Formal Complaint Form

9010.2-E.2, Harassment Complaint Appeal Form

9520, Staff Complaints and Grievances

9520-R, Staff Complaint and Grievances Regulation

Ref:

Education Amendments of 1972, Title IX, 20 U.S.C. §1681 *et seq.*

Title VII of Civil Rights Act (1964), 42 U.S.C. §2000e *et seq.*; 34 CFR §100 *et seq.*

Executive Law § 290 *et seq.* (New York State Human Rights Law)

Civil Law Practice and Rules ("CPLR") § 5003-b

General Obligations Law 5-336

*Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999)

*Gebser v. Lago Vista Independent School District*, 524 U.S, 274 (1998)

Public Health Law, §2782

Adoption date: June 14, 2018

Revised: March 25, 2021

## Croton-Harmon Schools

0110-R